THE NEWARK LIME AND CEMENT MANUFACTURING COMPANY v. CARRIE C. HARRINGTON ET AL., DEVISEES OF LEONARD B. HARRINGTON, DE-CEASED.

Submitted March 28, 1898—Decided February 18, 1899.

1. A creditor of a decedent is not barred or estopped of his action against heirs or devisees under the act of the legislature entitled "An act for the relief of creditors against heirs and devisees" (*Gen. Stat., p.* 1679), because the creditor, before the commencement of the action, had presented a duly-verified claim of his debt to the executors, and which had been accepted and allowed by them as correct.

2. It is no defence to such action that the executors have made diligent but unsuccessful efforts and attempts to make sale of the lands of

which the intestate or devisor died seized in order to make payment of the debts of the decedent.

3. The plaintiff in such action, in the absence of any alienation of the lands by the heirs or devisees, is entitled to a special judgment against such heirs and devisees for the amount of the indebtedness to be levied on the lands of which the ancestor or devisor died seized, without regard to the value of such lands.

On demurrer to special pleas.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff, *Skinner & Ten Eyck.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The declaration in this case states a debt of Leonard B. Harrington, deceased, incurred in his lifetime, and due to the plaintiff, and avers that the deceased devised certain lands to the defendants, and seeks to charge them as devisees with such debt to the extent of the lands so devised.

To this declaration some of the defendants have pleaded the general issue, and in addition thereto three special pleas.

The second plea is that the plaintiff, before the commencement of the action, presented its duly-verified claim for the indebtedness of the deceased to his executors, which claim was accepted and allowed by the executors, and that therefore the plaintiff submitted to the administration of the executors in respect to its claim, and that the executors are solely chargeable with the payment thereof.

The demurrer to this plea must be sustained.

At the common law and under certain statutes of this state (*Allin. L., p.* 129 ; *Pat. L., p.* 369) the creditor had no right to resort to a remedy against the lands of a decedent for the payment of debts until the personalty had been exhausted. But the act of the legislature entitled "An act for the relief of creditors against heirs and devisees " (*Pat. L., p.* 243 ; *Gen.*

*Stat.*, *p.* 1679), expressly conferred the right of action upon the creditor against the heirs and devisees for the value of the lands descended or devised, without any restriction whatever relating to the personalty as the primary fund for the payment of debts.   By this statute the creditor was not confined to his remedies against the personalty in the first instance, nor to cases where it had been exhausted.   This right of action was entirely independent in its character.   *Stone* v. *Todd*, 20 *Vroom* 274 ; *Dodson* v. *Taylor*, 24 *Id.* 200.   Whether the personal estate is sufficient, or not exhausted, is not at all material to the exercise of the right of action by the creditor under this statute.

The creditor cannot by the presentation of a verified claim to the executor, under a rule of the Orphans' Court, or otherwise, in order to avoid the bar of limitation of time as to the presentation of claims, in order to receive payment of the whole debt, or a *pro rata* in the distribution of the personalty, bar or estop himself of an action under this statute.   By the presentation of such claim, the situation is in no respect changed.   The personalty is the primary fund for the payment of debts, but the whole estate, both real and personal, is charged with such payment, and no embarrassment whatever to the administration is created by the creditor pursuing all of the remedies provided by law to secure that to which the whole estate is emphatically devoted.   If the creditor be bound to await the administration of the personalty, his right of action against the heirs or devisees might become barred by the statute of limitations, and if he be not entitled to present his verified claim within the time limited, he could be denied payment of his debt either in whole or *pro rata* out of the personalty.   The defendants, as devisees, are in nowise precluded, by the presentation of the claim and its allowance by the executor, from denying the original indebtedness or setting up any other defence to which the devisor was entitled.

I can discover no authority nor any reason sustaining the contention of the defendant in relation to this plea.

No legal ground is perceived upon which the third plea

can be upheld. It avers, in substance, that the executors have with diligence made several unsuccessful attempts to sell the lands devised in order to pay the debts of the devisor.

This plea presents no defence whatever to the action. Any attempt to give it any force or effect results in the annulment of the statute which confers this right of action, and utterly denies this remedy to the creditor. The right of action is indefinitely postponed by the action or will of the executors. The statute imposes no such restraining limitation or restriction, and, therefore, none such can be incorporated in the act, and the statute will bear no such construction.

The defendants, as devisees, in the fourth plea, set up the defence that the lands are of small value, that is, of the value of one dollar, and that, therefore, they ought not to be charged with the said debt otherwise or further than the value of their interest or estate in said lands after the payment of all the debts of the devisor.

If this plea had averred alienation by the devisees, and that the lands were of no value, an issue might have been raised by the plea which would have required a determination by trial.

But this plea does not aver these facts, but it does aver that these lands are of no value, or of little value, because " the lands of which said deceased died seized were subject to mortgage, and the equity of redemption chargeable with the payment of the said debts of the deceased, and that by reason of the said debts of the said deceased aggregating a large sum of money, to wit, five thousand two hundred and thirty dollars and fifty-seven cents, besides the cost of the administration of said estate, the said lands so devised by said will, and of which the said deceased died seized, were and are now of small value, to wit, one dollar, and no more."

An effective answer in law to this plea is that in the absence of an averment of alienation by the devisees, the plaintiff is entitled in any event to a special judgment against the devisees to be levied on the lands of which the devisor died seized, without regard to their value (*Muldoon* v. *Moore*,

26. *Vroom* 410; *Ranson* v. *Brinkerhoff*, 38 *Atl. Rep.* 924); and the fact that a mortgage existed thereon given by the devisor, the equity of redemption of which only was chargeable with the debts of the deceased, cannot be of any materiality whatever. The principle that this equity of redemption is chargeable with all of the debts of devisor does not bar, nor hinder or delay, the action of the plaintiff under the statute. The lands are the same lands of which the devisor died seized, to be affected by the special judgment, and the plaintiff in this action is entitled under the statute to the same preferences as if the action had been against the executors. *Gen. Stat., p.* 1679. It will also be noticed that this plea is entirely argumentative in its character.

The demurrer to the second, third and fourth pleas is sustained, with costs.